CIACCIO, Judge,
respectfully dissenting.
The party pleading an exception of prescription in a zoning enforcement case has the burden of proving that prescription has accrued. City of New Orleans v. Elms, 566 So.2d 626 (La.1990). It was therefore necessary for the Millers, in order to prevail on their exception of prescription, to prove that the City had been actually notified in writing of the zoning violation, *225 (R.S. 9:5625(A)). As to actual written notice, the record contains a copy of a letter dated October 1, 1988 from Dr. & Mrs. Zurick to Paul May, the City Zoning Administrator. This copy of the letter was not contained in the City’s records. The City denies ever receiving the letter and there is no evidence that it was received by the City (i.e. — a returned registered receipt). There is also no evidence that the City concealed the fact that the letter had been received.
The trial court did not have a credibility issue before it. The true issue was whether the Millers had introduced sufficient evidence to sustain their burden of proving that the City had actual written notice as required by R.S. 9:5625(A).
As I do not believe that the mere existence of a copy of the letter was sufficient evidence to sustain the Millers’ burden of proof, I would overrule the exception of prescription and remand this case to the trial court for a trial on the merits.